**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GERMAN CARRILLO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SANTA CRUZ, et al., <br><br> Defendants. | Case No. 20-cv-06973-BLF <br><br> **ORDER DENYING MOTION TO STAY** <br> [Re: ECF 16] |

Before the Court is a motion to stay brought by Defendants County of Santa Cruz, James Hart, and Chris Clark (collectively, "the County"), which seeks to have this Court abstain from hearing this case under the doctrine of *Younger* abstention as articulated in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. *See* Mot., ECF 16. Plaintiffs Alma Carrillo and Francisco Santana, successors-in-interest to deceased plaintiff German Carrillo (collectively "Carrillo's parents") oppose this motion. *See* Opp'n, ECF 18. Pursuant to Civil Local Rule 7-1(b), this Court finds this motion suitable for decision without oral argument and hereby VACATES the hearing set for April 22, 2021. For the reasons set forth below, the Court DENIES the County's motion.

**I.   BACKGROUND**

On February 28, 2013, Carrillo, Oscar Vargas-Vaca, Reymundo Ayala, Eric Romero, and Andres Rocha were driving in a vehicle together when they noticed Felipe Reyes walking down the street. Compl. ¶ 23, ECF 1. Romero then allegedly called Reyes a "scrap," a pejorative term used by Norteno gang members to refer to Sureno gang affiliates. Compl. ¶ 23. Ayala, who was driving, pulled over, and the other occupants approached Reyes and chased him to an apartment complex where he was stabbed to death. *Id.* ¶ 24. According to the complaint, Carrillo maintained

that he followed the group thinking there would be a fight, not a murder, and he had no role in the stabbing. *Id.* ¶ 25. Romero and Rocha were known gang members with extensive criminal records, but Carrillo had no known gang affiliation or criminal record. *Id.* ¶ 26. Carrillo had attended middle school with Vargas-Vaca, Ayala, and Romero, and Carrillo allegedly hung out with them to smoke marijuana. *Id.* ¶¶ 24, 26.

At the time of his arrest, Carrillo was 17 years old and a junior at Renaissance High School. Compl. ¶¶ 29-30. Carrillo was initially placed at Santa Cruz Juvenile Detention Center, but on April 7, 2013, when he turned 18, he was transferred to Santa Cruz County Jail ("the jail") as an adult and assigned to the "N-Unit," which is a maximum-security unit reserved for gang members and affiliates within the jail. *Id.* ¶ 30. During his six years in jail, Carrillo obtained his high school diploma and never committed any major infractions. *Id.* ¶¶ 31-32.

On October 14, 2019, employees of the County found Carrillo deceased in his jail cell. Compl. ¶ 19. An autopsy concluded Carrillo died by ligature strangulation approximately 24-36 hours earlier. *Id.* ¶ 20. On October 31, 2019, the Santa Cruz District Attorney charged Carrillo's cellmates, Mario Lozano and Jason Cortez, with Carrillo's murder. Compl. ¶¶ 21, 34.

Carrillo's parents allege that Carrillo's death was attributable to the County's negligence as well as intentional indifference because [1] the jail was overcrowded; [2] the County housed violent gang members with Carrillo, who was not violent or a gang member; and [3] the County allowed inmates to cover the windows of their cells, preventing required supervision. Compl. ¶¶ 35-36. In addition, Carrillo's parents allege that the County knew the emergency buttons in the N-Unit cells were not working for a long period of time prior to Carrillo's death. *Id.* ¶ 37. Carrillo's parents allege that these factors were a substantial force in causing Carrillo's death and that the County acted with deliberate indifference and recklessness to the welfare and safety of Carrillo. *Id.* ¶¶ 37-38.

**A. The *Lozano Cortez* Actions**

The State of California has charged Mario Lozano and Jason Cortez with the murder of Carrillo. The relevant cases are *People v. Jason Cortez*, Santa Cruz Superior Court Case No. 19CR06614 and *People v. Mario Lozano*, Santa Cruz Superior Court Case No. 19CR06615. Mot.

3. The criminal complaints contain identical counts against both defendants for [1] violation of California Penal Code section 187(a), felony murder, and [2] violation of California Penal Code section 186.22(a), participation in a criminal street gang. *Id.* There is currently a protective order in those cases regarding discovery. *Id.*

### B. The Instant Case

On October 6, 2020, Carrillo's parents filed a complaint against the County for: [1] violating Carrillo's First, Fourth, and Fourteenth Amendments rights, as well as Carrillo's parents' loss of rights to familial association guaranteed by the Fourteenth Amendment, under 42 U.S.C. § 1983; [2] *Monell* and supervisory liability under 42 U.S.C. § 1983; [3] violating the California Bane Act, California Civil Code Section 52.1(b); and [4] negligence. Compl. ¶¶ 46-79. Carrillo's parents are seeking equitable relief by asking for a declaratory judgment finding that Carrillo's rights were violated and legal relief by requesting monetary damages. *See* Compl. The County filed this motion on November 24, 2020, asking the Court to abstain under the *Younger* abstention doctrine. *See* Mot.

## II. LEGAL STANDARD

### A. *Younger* Abstention

*Younger* abstention arises out of the federal statute regarding a federal court's ability to enjoin state court proceedings. *Younger*, 401 U.S. at 43. In addition, the principle of "Our Federalism" requires that "the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Id.* at 44.

The Supreme Court extended *Younger* to declaratory judgments that have "the same practical effect on a state court proceeding as an injunction." *Samuels v. Mackell*, 401 U.S. 66, 72 (1971). The Supreme Court further extended *Younger* to state proceedings when important state interests are involved. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Ninth Circuit, using the test from *Middlesex,* has defined four factors that must be met for *Younger* abstention to apply: "(1) there is an ongoing state proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to

1  raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical
2  effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765
3  (9th Cir. 2018). The Ninth Circuit has held that "*Younger* principles apply to actions at law as well
4  as for injunctive or declaratory relief because a determination that the federal plaintiff's
5  constitutional rights have been violated would have the same practical effect as a declaration or
6  injunction on pending state proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir.
7  2004).

### III. JUDICIAL NOTICE

The County requests the Court judicially notice six documents filed in the Santa Cruz Superior Court: (1) criminal complaint filed against Jason Cortez; (1) criminal complaint filed against Mario Lozano; (3) protective order filed in *Cortez* case; (4) protective order filed in *Lozano* case; (5) docket of *Cortez* case; and (6) docket of *Lozano* case. *See* Request for Judicial Notice, Exs. 1-6, ECF 17.

Courts may properly take judicial notice of other court filings and matters of public record. *Reyn's Pasta Bella*, *LLC v. Visa USA*, *Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)). Carrillo's parents have neither opposed the requests for judicial notice nor disputed the authenticity of the documents. The Court GRANTS both requests for judicial notice.

### IV. DISCUSSION

"*Younger* abstention is only appropriate if the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding." *Cunio v. Brown*, 692 F. App'x 464, 465 (9th Cir. 2017) (internal quotes omitted). "In addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1035 (9th Cir. 2013) "[F]ederal plaintiffs who are also not parties to pending litigation in state court may proceed with their federal litigation without being barred under *Younger*." *Id.* (internal quotations omitted). "Only under quite limited circumstances may *Younger* oust a district court of jurisdiction over a case where the plaintiff is

1  not a party to an ongoing state proceeding." *Id.* (internal quotations omitted). "Such circumstances
2  are present only when a federal plaintiff's interests are so intertwined with those of the state court
3  party that interference with the state court proceeding is inevitable." *Id.* (internal quotations
4  omitted).

5         The County argues that *Younger* applies to this case under the Ninth Circuit's ruling in
6  *Gilbertson*, which extended *Younger* to suits for money damages. Mot. 4. The County then applies
7  the *Younger* factors. Mot. 4. Under the County's *Younger* factor analysis, it argues that [1]
8  Carrillo's Section 1983 claims implicate the ongoing criminal trials of Cortez and Lozano, [2] the
9  criminal prosecution is an important state interest and [3] Carrillo's parents can raise his
10 constitutional claims in "state proceedings," and [4] Carrillo's parent's claims have the effect of
11 enjoining the Cortez and Lozano criminal trials. Mot. 5-7. Finally, the County argues that even
12 though Carrillo's parents cannot be a party to the criminal trial of their son's accused murderers,
13 their interest is intertwined with the state's interest and therefore *Younger* abstention still applies.
14 Mot. 7.

15        Carrillo's parents also apply the *Younger* factors but reach the opposite conclusion as to
16 the application of *Younger* abstention. They argue that, while the murder trial is an important state
17 interest, it will not be impacted by their Section 1983 civil action, and they will have no
18 opportunity to raise their constitutional claims in the criminal case against Cortez and Lozano.
19 Opp'n 3.  Carrillo's parents argue that *Younger* does not apply because they are not and cannot be
20 involved in the state proceeding, which is a criminal trial against their son's alleged murderers.
21 Opp'n 4.  Carrillo's parents also argue that their Section 1983 action against the County would not
22 enjoin the prosecution of Lozano and Cortez because they are not challenging the state's right to
23 prosecute their son's alleged murderers. Opp'n 7.

24        The first two *Younger* factors are not at issue in this case. The parties do not dispute that
25 the *Cortez* and *Lozano* criminal trials are on-going state proceedings. Mot. 5; Opp'n 3-4. They do
26 not dispute that a criminal prosecution represents an important state interest. Mot. 5-6; Opp'n 5.
27 The remaining two *Younger* factors require a closer analysis.
28

### A. Adequate opportunity to raise constitutional challenges in state proceeding

The County argues that Carrillo's parents will have an adequate opportunity to raise constitutional issues in state court proceedings. Mot. 6. Carrillo's parents argue that they have no standing to be a party to the state criminal case and therefore cannot raise their constitutional challenges in the state court proceedings. Opp'n 5. The Court agrees with Carrillo's parents. Carrillo's parents will not have an opportunity to raise their constitutional claims in state criminal proceedings against Cortez and Lozano because they are not parties to the case. In addition, Carrillo's suspected murders are not capable of representing Carrillo's parents' interest in their criminal trial. To the extent the County is suggesting that *Younger* abstention applies because Carrillo's parents may, hypothetically, initiate a new and separate civil proceeding in state court, that argument is not supported by any case law identified by the County or this Court. All of the cases cited by the County involve plaintiffs having the opportunity to raise their claims in the related state court actions, not a hypothetical separate one. *See Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1, 3 (1987)*; Middlesex Cty. Ethics Comm*, 457 U.S. 423, 425 (1982); *Commc'ns Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011, 1104 (9th Cir. 1999); *Dubinka v. Judges of Superior Court of State of Cal. for Cty. of Los Angeles,* 23 F.3d 218, 221 (9th Cir. 1994). This factor is not met as Carrillo's parents will not have any opportunity to raise their constitutional claims in Cortez and Lozano's criminal trials. Failing to satisfy this factor for *Younger* abstention is sufficient reason to deny the County's motion, but the Court will address the parties' arguments regarding the final factor.

### B. The effect of enjoining state court trial

The County argues that a federal court damages award "would case a negative light on the People's prosecution of Cortez and Lozano for Decedent's murder." Mot. 6-7. The Court disagrees with the County that this would have the effect of enjoining the state court trial.

The County cites the Ninth Circuit's decision in *Gilbertson* to support its position. Mot. 7. In *Gilbertson*, the Oregon State Board of Examiners for Engineering and Land Surveying ("the Board") had revoked and declined to reinstate Gilbertson's license to survey in a state administrative proceeding. *Gilbertson*, 381 F.3d at 968. Gilbertson appealed the decision in state

1   court and also filed a Section 1983 claim against the Board for money damages alleging violations
2   of his Fourteenth Amendment rights to due process and equal protection. *Id.* The Ninth Circuit
3   concluded that Gilbertson's request for money damages would have the effect of rendering moot
4   the Board's adverse decision against Gilbertson as well as Gilbertson's appeal in the Oregon state
5   court. *Id. Gilbertson* does not resemble Carrillo's parents' Section 1983 action against the County
6   because Carrillo's parents are not subject to any state proceedings. Carrillo's parents are not
7   attempting to avoid an unfavorable state court ruling by seeking a parallel action in federal court
8   as Carrillo's parents are not a party to any state proceeding, criminal or noncriminal. The County's
9   argument that awarding damages to Carrillo's parents in this federal case would "cast a negative
10  light on the People's prosecution of Cortez and Lozano for Decedent's murder" is not supported
11  by case law and not enough to establish that this case would have the effect of enjoining the state
12  court criminal proceeding. The County has failed to establish how this lawsuit would impact the
13  County's ability to go forward with its criminal prosecution.

14   The County also cites *Green v. City of Tucson* for the proposition that "[A] party whose
15  interest is so intertwined with those of a state court party that direct interference with the state
16  court proceeding is inevitable may, under *Younger*, not proceed." 255 F.3d 1086, 1100 (9th Cir.
17  2001). The County argues that, "[t]he crux of Plaintiffs' lawsuit against the County Defendants
18  rests on the allegations that the Decedent was improperly classified as a member of a gang and
19  therefore wrongly housed in a cell with two known gang members." Reply 2, ECF 19. However,
20  the Court finds that *Vasquez*, a later-decided Ninth Circuit case, compels a different conclusion.
21  When evaluating whether interests were "intertwined," *Vasquez* found that *Younger* abstention
22  was not appropriate when "the relief sought in federal court would not disturb the validity of the
23  [state court] Order as to any of the parties against whom it issued." 734 F.3d at 1035-36. The
24  Court finds the situation to be the same here: finding the County liable for constitutional violations
25  related to jail overcrowding, housing decisions, and inmate supervision "would not disturb the
26  validity" of the state court murder prosecutions.

27   Finally, the County argues for the first time in its reply brief that a *Wallace* stay is
28  appropriate. Reply 2. The Supreme Court in *Wallace* found that "[i]f a plaintiff files a false-arrest

7

claim before he has been convicted, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (parenthetical omitted). A *Wallace* stay is not applicable here because Carrillo's parents, as the plaintiffs in this case, are not subject to a criminal case nor have they made any allegations of false arrest.

## V.   ORDER

For the foregoing reason, the Court finds *Younger* abstention not appropriate to Carrillo's parent's claims. The Court DENIES the County's Motion to Stay.

Dated: March 2, 2021

BETH LABSON FREEMAN
United States District Judge

8