United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GERMAN CARRILLO, et al., <br> Plaintiffs, <br> v. <br> COUNTY OF SANTA CRUZ, et al., <br> Defendants. | Case No. 20-cv-06973-BLF <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO FILE UNDER SEAL** |

Before the Court is Plaintiff's motion to file portions of the first amended complaint under seal. *See* Mot. ECF 52. Plaintiff's justification for sealing is that the County has marked certain material as protected under the stipulated protective order. Mot. 2. Because the Parties have not complied with this District's local rules regarding sealing motions, this motion is DENIED WITHOUT PREJUDICE.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b). Under Civil Local Rule 79-5(d), the submitting party must attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that

is sought to be sealed." In addition, a party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A).

Where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e). The moving party must file a proof of service showing that the designating party or non-party has been given notice of the motion to seal. *Id.* "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

Plaintiff's proposed reason for sealing portions of the complaint is because it "Contains confidential information designated by COUNTY Defendants as 'Confidential.'" Decl. of Elizabeth M. Caballero, ECF 52-1. Under this District's local rules, this is not sufficient justification. This motion is DENIED WITHOUT PREJUDICE. Any re-filed motion must conform to both the local rules and this Court's Standing Orders regarding sealing motions.

**IT IS SO ORDERED.**

Dated: August 5, 2021

_____
BETH LABSON FREEMAN
United States District Judge