UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GERMAN CARRILLO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>Defendants. | Case No. 20-cv-06973-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[RE: ECF No. 56] |

Before the Court is Plaintiff's administrative motion to file under seal portions of the First Amended Complaint and the declaration of counsel of Defendant in support of the motion. *See* ECF Nos. 56, 56-1. For the reasons discussed below, the motion is GRANTED.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

1  mindful of the parties' right to access those same courts upon terms which will not unduly harm
2  their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.
3  Cir. 2013).  Records attached to motions that are "not related, or only tangentially related, to the
4  merits of a case" therefore are not subject to the strong presumption of access.  *Ctr. for Auto*
5  *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need
6  for access to court records attached only to non-dispositive motions because those documents are
7  often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving
8  to seal the documents attached to such motions must meet the lower "good cause" standard of
9  Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This
10 standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
11 information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
12 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated
13 by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins.*
14 *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  A protective order sealing the documents during
15 discovery may reflect the court's previous determination that good cause exists to keep the
16 documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows
17 the parties to designate confidential documents does not provide sufficient judicial scrutiny to
18 determine whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A)
19 ("Reference to a stipulation or protective order that allows a party to designate certain documents
20 as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").
21     In addition to making particularized showings of good cause, parties moving to seal
22 documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R.
23 79-5(b), a sealing order is appropriate only upon a request that establishes the document is
24 "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
25 the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and
26 must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the
27 submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
28 material" which "lists in table format each document or portion thereof that is sought to be

1  sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by
2  highlighting or other clear method, the portions of the document that have been omitted from the
3  redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
4  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
5  79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Plaintiff's motion and the declaration submitted by counsel for Defendants. The Court finds that Defendants have articulated compelling reasons to seal certain identified portions of the submitted documents. The Court's rulings on the sealing requests are set forth in the table below.

| ECF No. | Document | Result | Reasoning |
|---|---|---|---|
| 56-4 | First Amended Complaint for Violation of Civil Rights with Pendant State Law Claims | GRANTED as to highlighted portions at 9:8-22 | The highlighted portions contain confidential information related to the County's classification procedures and how inmates are housed in particular units. The disclosure of this information could pose a security threat to the jail and to the safety of the inmates. Additionally, disclosure could influence the ongoing prosecution of two other inmates. Shaw Decl. ¶ 5, row 1. |
| 56-4 | First Amended Complaint for Violation of Civil Rights with Pendant State Law Claims | GRANTED as to highlighted portions at 10:26-11:27. | The highlighted portions contain confidential information related to the County's classification procedures and how inmates are housed in particular units. The disclosure of this information could pose a security threat to the jail and to the safety of the inmates. Additionally, disclosure could influence the ongoing prosecution of two other inmates. Shaw Decl. ¶ 5, row 2. |

| ECF No. | Document | Result | Reasoning |
|---|---|---|---|
| 56-4 | First Amended Complaint for Violation of Civil Rights with Pendant State Law Claims | GRANTED as to highlighted portions at 12:4-21. | The highlighted portions contain confidential information related to two other inmates who are currently under criminal prosecution, and disclosure could influence those prosecutions. Shaw Decl. ¶ 5, row 3. |
| 56-4 | First Amended Complaint for Violation of Civil Rights with Pendant State Law Claims | GRANTED as to highlighted portions at 12:26-13:4 | The highlighted portions contain confidential information related to the County's classification procedures and how inmates are housed in particular units. The disclosure of this information could pose a security threat to the jail and to the safety of the inmates. Additionally, disclosure could influence the ongoing prosecution of two other inmates. Shaw Decl. ¶ 5, row 4. |
| 56-4 | First Amended Complaint for Violation of Civil Rights with Pendant State Law Claims | GRANTED as to highlighted portions at 13:19-20 | The highlighted portions contain confidential information about the format of the jail's housing structure, disclosure of which could pose a security threat to the jail. Shaw Decl. ¶ 5, row 5. |
| 56-4 | First Amended Complaint for Violation of Civil Rights with Pendant State Law Claims | GRANTED as to highlighted portions at 18:26-27 | The highlighted portions contain confidential information related to an alleged defective "panic/emergency button" in a particular cell in the jail, disclosure of which could pose a security threat to the jail. Shaw Decl. ¶ 5, row 6. |
| 56-4 | First Amended Complaint for Violation of Civil Rights with Pendant State Law Claims | GRANTED as to highlighted portions at 20:3-21:18 | The highlighted portions contain confidential information related to two other inmates who are currently under criminal prosecution, and disclosure could influence those prosecutions. Shaw Decl. ¶ 5, row 7. |
| 56-4 | First Amended Complaint for Violation of Civil Rights with Pendant State Law Claims | GRANTED as to highlighted portions at 21:21-26 | The highlighted portions contain confidential information about the format of the jail's housing structure, disclosure of which could pose a security threat to the jail. Shaw Decl. ¶ 5, row 8. |

| ECF No. | Document | Result | Reasoning |
|---|---|---|---|
| 56-4 | First Amended Complaint for Violation of Civil Rights with Pendant State Law Claims | GRANTED as to highlighted portions at 21:27-24:10 | The highlighted portions contain confidential information related to the personnel records of several correctional officers. Additionally, disclosure could influence the ongoing prosecution of two other inmates.  Shaw Decl. ¶ 5, row 9. |
| 56-4 | First Amended Complaint for Violation of Civil Rights with Pendant State Law Claims | GRANTED as to highlighted portions at 25:10-25 | The highlighted portions contain confidential information related to the personnel records of several correctional officers. Additionally, disclosure could influence the ongoing prosecution of two other inmates.  Shaw Decl. ¶ 5, row 10. |

### III.   ORDER

For the foregoing reasons, Plaintiff's Administrative Motion to File Under Seal (ECF No. 56) is GRANTED.

**IT IS SO ORDERED.**

Dated:   August 17, 2021

_____
BETH LABSON FREEMAN
United States District Judge

5